## CIRCUIT COURT OF FAIRFAX COUNTY

The Herrington Corp.

v.

ICON International, Inc., et al.

July 1, 1993

Case No. (Law) 123163

BY JUDGE MICHAEL P. MCWEENY

This matter comes before the court on the Defendants' Demurrer based on lack of personal jurisdiction. After hearing oral argument and reviewing the supplemental memoranda submitted by counsel, the court overrules the Demurrer. Furthermore, the court finds that the Defendants are subject to the jurisdiction of the court.

A demurrer is not the proper mechanism to raise the issue of lack of personal jurisdiction in this case. The purpose of a demurrer is to attack the legal sufficiency of the pleadings. A demurrer admits all facts alleged as true. By filing a demurrer, the Defendants have admitted factual allegations that the Defendants are doing business in Virginia and/or are deriving substantial revenue from doing business in Virginia. (Motion for Judgment, paras. 4 and 5.) Defendants' arguments on jurisdiction address factual issues and are not proper on demurrer. And because demurrer's possess unique characteristics, the court cannot deem a pleading filed as a demurrer to be a motion to quash.

Moreover, the Defendants have waived any objection to personal jurisdiction by virtue of their motions for extensions of time to file late responsive pleadings and discovery responses. A consent order endorsed by Defendants' counsel was submitted to the court on May 14, 1993, approximately two weeks before the Demurrer by special appearance was filed. The court finds that counsel's endorsement on the consent order constitutes a general appearance by Defendants in this matter.